NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 15, 2013[*]
Decided August 16, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-1247

| | |
|---|---|
| SLIMMARIE PERRYWATSON, <br> *Plaintiff-Appellant,* <br><br> *v.* <br><br> UNITED AIR LINES, INC. and <br> ASSOCIATION OF FLIGHT <br> ATTENDANTS, AFL-CIO, <br> *Defendants-Appellee*s. | Appeal from the United States District <br> Court for the Northern District of Illinois, <br> Eastern Division. <br><br> No. 10 C 639 <br><br> Jeffrey N. Cole, <br> *Magistrate Judge.* |

**O R D E R**

Slimmarie Perrywatson, a former flight attendant for United Air Lines, appeals the grant of summary judgment in favor of United and her union, the Association of Flight Attendants (AFA), in this suit claiming disability and age discrimination. Because

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Perrywatson failed to establish a genuine issue regarding whether she is disabled, we affirm the judgment of the district court.

Perrywatson, now 58 years old, worked for almost 30 years at United Air Lines. During her employment Perrywatson suffered knee injuries. She tore cartilage in her right knee in 2000 and then in her left knee in 2004. After each injury she had surgery and eventually returned to work.

In 2007 Perrywatson was fired by United after two passengers reported that she berated them for talking during a safety presentation. The AFA grieved Perrywatson's dismissal and, after a hearing, an arbitrator denied the grievance.

Perrywatson sued the AFA and United.[1] She alleged that the AFA mishandled her case at arbitration because of her age and disability in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34, and the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213. Perrywatson also alleged that United discriminated against her based on her age and disability by firing her. In addition, she claimed, United wrongfully discharged her in violation of its progressive discipline policy and fired her in retaliation for filing grievances.

The magistrate judge, presiding by consent, *see* 28 U.S.C. § 636(c), granted summary judgment for United on all but the retaliatory-discharge claim and later dismissed United from the suit after Perrywatson confirmed at a status hearing that she did not intend to pursue the remaining claim. The court also granted summary judgment for the AFA on the disability-discrimination claim (Perrywatson declined at summary judgment to press her age-discrimination claim), concluding that Perrywatson had failed to establish a disability under the ADA. Perrywatson failed to offer evidence, the court explained, that she was materially limited in a major life activity or that she was regarded as having a material limitation. *See* 42 U.S.C. § 12102.

On appeal Perrywatson challenges the court's conclusion that she did not establish a genuine issue of material fact as to whether she was limited in some major life activity, and insists that her knee injuries affect her ability to walk. But Perrywatson not only waived this argument by raising it for the first time on appeal, *see Everroad v. Scott Truck Sys., Inc.*, 604 F.3d 471, 480 (7th Cir. 2010); *Pole v. Randolph*, 570 F.3d 922, 937 (7th Cir. 2009), she also failed to identify any specific limitations on her ability to walk at the time of her discharge.

---

[1] Perrywatson lives in Ohio and filed the complaint in the Northern District of Ohio. The case was transferred to the Northern District of Illinois under 28 U.S.C. § 1404.

*See Turner v. The Saloon*, 595 F.3d 679, 689 (7th Cir. 2010) (affirming summary judgment for employer where ADA plaintiff's painful psoriasis did not prevent him from walking); *Squibb v. Mem'l Med. Ctr.*, 497 F.3d 775, 784–85 (7th Cir. 2007) (affirming summary judgment for employer where nurse failed to identify any specific limitations on her ability to walk, even though her back injuries caused her to "walk with difficulty").

To the extent that Perrywatson also asserts that the AFA "could perceive" her knee condition as a disability—presumably arguing that the AFA *regarded* her as having a physical impairment, *see* 42 U.S.C. § 12102(2)—she has not pointed to any evidence in the record that either United or the AFA regarded her knee condition as disabling.

Perrywatson also asserts for the first time in her reply brief that summary judgment for United was improper on the wrongful-discharge and ADA claims. But she fails to develop those arguments and, moreover, they come too late, as Perrywatson failed to raise them in her opening brief. *See Bracey v. Grondin*, 712 F.3d 1012, 1020 (7th Cir. 2013); *Ajayi v. Aramark Bus. Servs.*, 336 F.3d 520, 529 (7th Cir. 2003).

We have reviewed Perrywatson's remaining arguments, and all are without merit. The judgment is AFFIRMED. The motion for appointment of counsel is DENIED.